UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAN ELISEO BETANCOURT NUNEZ,

Petitioner,

v. Case No.: 2:26-cv-02810-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
___________________________________/

**OPINION AND ORDER**

Before the Court are Adan Eliseo Betancourt Nunez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Betancourt Nunez is a native of Honduras who entered the United States without inspection—the record does not reflect when, but it was in or before 2008. He is married to a U.S. citizen, has one U.S. citizen child and two U.S. citizen stepchildren, and is the beneficiary of a pending I-130 petition for alien relative. He has no criminal record other than traffic infractions. On August 21, 2026, local police arrested Betancourt Nunez for driving without a valid license. On August 28, 2026, Immigration and Customs Enforcement commenced removal proceedings with a notice to appear and took Betancourt Nunez into custody.

In his habeas petition, Betancourt Nunez claims the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing. But that is not true. The government acknowledges that Betancourt Nunez's detention is governed by § 1226(a) and demonstrates that he received a bond hearing. On September 10, 2026, an immigration judge found that Betancourt Nunez failed to establish he is a suitable bail risk based on the factors identified in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

It appears Betancourt Nunez has received the process he is due. If he disagrees with the immigration judge's bond decision, the proper way to challenge it is appeal to the BIA. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, Betancourt Nunez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on October 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record